# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| RYAN JONES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-02188-STA-tmp |
| | ) | |
| SEAS & ASSOCIATES, LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS ORIGINAL COMPLAINT AND PARTIALLY GRANTING AND PARTIALLY DENYING MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Ryan Jones filed a Complaint against Seas & Associates, LLC, on March 25, 2016, asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). (ECF No. 1.) Defendant filed a motion to dismiss on April 21, 2016. (ECF No. 8.) Thereupon, Plaintiff filed an amended complaint (ECF No. 10) and a response to the motion to dismiss. (ECF No. 11.) Defendant then filed a motion to dismiss the amended complaint. (ECF No. 13.) Plaintiff has filed a response to the motion (ECF No. 18), and Defendant has filed a reply to the response. (ECF No. 20.)

Because Plaintiff has filed an amended complaint and Defendant has filed a second motion to dismiss addressing the allegations in the amended complaint, Defendant's original motion to dismiss is **DENIED** as moot. For the reasons forth below, Defendant's motion to dismiss the amended complaint is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain

1

statement of the claim showing that the pleader is entitled to relief."[1] A complaint may be attacked for failure "to state a claim upon which relief can be granted."[2] When considering a Rule 12(b)(6) motion to dismiss, a Court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party.[3] "The court need not, however, accept unwarranted factual inferences."[4]

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[6] That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face."[7] A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] If the Court cannot "infer more than the mere

---

[1] Fed. R. Civ. P. 8(a)(2).

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).

[4] *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

[6] *Id.* (citations omitted).

[7] *Id.* at 570.

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'"[9] "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[10]

The amended complaint alleges as follows. Defendant, a third-party debt collector, called Plaintiff's cellular telephone number from January 2015 to February 2016 in an attempt to collect a consumer debt of approximately $500 owed to Lauderdale Community Hospital.[11] Plaintiff allegedly received daily calls and sometimes two or more per day.[12] Plaintiff contends that he told Defendant in February 2015 that he could not afford to pay the debt and requested that Defendant quit calling.[13] According to Plaintiff, Defendant continued to call despite this request and additional requests to stop calling.[14] Plaintiff further alleges that these "repeated harassing telephone calls" were made using "an automatic telephone dialing system and/or prerecorded voice."[15] Some of the calls included a prerecorded message asking Plaintiff to "Please call Seas & Associates."[16] Plaintiff also contends that the alleged "automatic telephone dialing system" was "in the form of a 'predictive dialer'" because "on occasion Plaintiff would

---

[9] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

[10] *Id.*

[11] (Amd Cmplt, ¶¶ 13, 19, ECF No. 10.)

[12] (*Id.* at ¶ 26.)

[13] (*Id.* at ¶ 21.)

[14] (*Id.* at ¶¶ 23 - 25.)

[15] (*Id.* at ¶¶ 19 - 20.)

[16] (*Id.* at ¶ 21.)

3

be transferred to a representative."[17] The phone calls were allegedly made with "the intent to abuse, harass, and deceive" Plaintiff.[18] Based on these allegations, Plaintiff has asserted four claims against Defendant: (1) Count I - violation of § 1692d of the FDCPA, (2) Count II - violation of § 1692d(5) of the FDCPA, (3) Count III - violation of § 1692f of the FDCPA, and (4) Count IV - violation of § 227(b) of the TCPA.

## TCPA Claim

Defendant argues that Plaintiff has failed to state a claim for a violation of § 227(b)(1)(A)(iii) of the TCPA. The TCPA authorizes a person to bring a private cause of action against callers who make "any call using an automatic telephone dialing system or prerecorded voice to any telephone number assigned to a...cellular telephone..."[19] "To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that: (1) the call was made to a cellular or wireless phone, (2) by the use of an automatic dialing system or an artificial or prerecorded voice, and (3) without prior consent of the called party."[20] "[T]o satisfy the *Twombly/Iqbal* standard with respect to . . . a TCPA claim, a plaintiff must plead . . . the number of allegedly unlawful calls received [and] the approximate dates and times of these calls."[21] However, it is not necessary to allege the specific time and date of each alleged violation.[22]

---

[17] (*Id.* at ¶ 22.)

[18] (*Id.* at ¶ 27.)

[19] *See* 47 U.S.C.§227(b)(1)(A)(iii); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

[20] *Zehala v. American Exp.*, 2011 WL 4484297 at *5 (S.D. Ohio Sept. 26, 2011).

[21] *Wallack v. Mercantile Adjustments Bureau, Inc.*, 2014 WL 1515852 at *2 (E.D. Mich. Apr. 18, 2014).

[22] *Patton v. Corinthian Colleges, Inc.*, 2014 WL 1118467 at *2 (E.D. Mich. Mar. 20, 2014) (holding that the amended complaint alleged facts sufficient to state a plausible claim under the

According to Defendant, Plaintiff has failed to plead specific facts necessary to survive a motion to dismiss because the amended complaint contains no information regarding the number of calls allegedly placed by Defendant or the approximate dates and times of the calls. To the contrary, the amended complaint alleges that Defendant called Plaintiff on his cellular telephone from January 2015 to February 2016.[23] Plaintiff allegedly received daily calls and sometimes two or more per day.[24] Thus, the allegations in the amended complaint provide Defendant with sufficient notice of the time period in which Plaintiff claims Defendant made the challenged calls to his cellular phone and the approximate number of phone calls. The factual allegations in the amended complaint "are enough to raise a right to relief above the speculative level,"[25] and the portion of Defendant's motion seeking to dismiss the TCPA claim is denied.

## FDCPA Claims

Plaintiff alleges violations of § 1692d and § 1692d(5). This part of the FDCPA reads as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

---

TCPA and pointing out that the information Defendant sought concerning specific factual allegations was the proper subject of discovery but was not required to state a TCPA claim).

[23] (Amd Cmplt, ¶¶ 13, 16, 17, 19, 21, ECF No. 10.)

[24] (*Id.* at ¶ 26.)

[25] *Twombly*, 550 U.S. at 555.

Plaintiff also alleges a violation of § 1692f. Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." This section "has been described as a 'backdrop' in the statute, intended to cover actionable debt collection practices that may not be expressly addressed in Sections 1692d and 1692e."[26]

Defendant contends that the three FDCPA claims should be dismissed because the amended complaint contains insufficient factual allegations to state a plausible claim for relief. Alternatively, Defendant argues that Plaintiff's claims under § 1692d and § 1692f should be dismissed because Plaintiff relies on the same underlying facts and allegations that support his claim under § 1692d(5). Finally, Defendant argues that, to the extent that Plaintiff's FDCPA claims are based on alleged telephone calls that occurred more than one year before Plaintiff filed the original complaint, those claims are barred by the FDCPA's one-year statute of limitations.

Statute of Limitations

Defendant asserts that any of the phone calls made prior to March 25, 2016, are barred by the FDCPA's one year statute of limitations. Section 1692k(d) of the FDCPA provides:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurred.[27]

As noted above, Plaintiff alleges that Defendant "placed repeated harassing telephone calls to Plaintiff's cellular telephone number" from January 2015 to February 2016.[28] Plaintiff did not

---

[26] *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp.2d 1016, 1023 (S.D. Ohio 2007).

[27] 15 U.S.C. § 1692k(d); *see also Lewis v. Portfolio Recovery Assocs.*, LLC, 2015 WL 5672650 at *7 (M.D. Tenn. Sept. 25, 2015) ("The FDCPA provides a one-year statute of limitations.") (citing 15 U.S.C. § 1692k(d)).

[28] (Amd Cmplt, ¶ 19, ECF No. 10.)

file the original complaint until March 25, 2016, and, thus, Plaintiff cannot recover for any alleged violations of the FDCPA based on telephone calls which occurred before March 25, 2015.[29] Accordingly, Defendant's motion to dismiss the FDCPA claims based on calls made prior to March 25, 2015, is granted.[30]

Sections 1692d and 1692d(5) Claims

According to Defendant, the amended complaint merely contains conclusory allegations and a recitation of the elements of the statute and, therefore, does not state claims under the FDCPA. Defendant also claims that Plaintiff may not maintain claims under both § 1692d and § 1692d(5) because the allegations underlying the claims are duplicative. Defendant's arguments are not persuasive.

The purpose of the FDCPA was explained in *Currier v. First Resolution Inv. Corp.*[31]

> Congress passed the FDCPA to address the widespread and serious national problem of debt collection abuse by unscrupulous debt collectors. *See* S.Rep. No. 95–382, at 2 (1977), 1977 U.S.C.C.A.N. 1695, 1696; *see also* 15 U.S.C. § 1692(a), (e). The Act prohibits a wide array of specific conduct, but it also prohibits, in general terms, any harassing, unfair, or deceptive debt collection practice, which enables "the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed." S.Rep. No. 95–382, at 4, 1977 U.S.C.C.A.N. 1695, 1698; *see generally* 15 U.S.C. §§ 1692d–1692f. As we

---

[29] *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (noting that dismissal of a claim is appropriate under Rule 12(b)(6) when "the allegations in the complaint affirmatively show that the claim is time-barred"); *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 909 (6th Cir. 2010) (finding claims asserted under 15 U.S.C. § 1692 barred by the one-year statute of limitations period contained in § 1692k(d) of the FDCPA).

[30] *See Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 259 (6th Cir. 2014) (finding that a plaintiff who alleges several FDCPA violations, some of which occurred within the limitations period and some of which occurred outside that period, is barred from seeking relief for the untimely violations). The issue of whether Plaintiff may present evidence of the time-barred phone calls at trial to establish a pattern and/or for context is not before the Court.

[31] 762 F.3d 529 (6th Cir. 2014).

have explained in the past, the Act is "extraordinarily broad." *Barany–Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)). To determine whether conduct fits within the broad scope of the FDCPA, the conduct is viewed through the eyes of the "least sophisticated consumer." *Id.* This standard recognizes that the FDCPA protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices. *Id.*[32]

To successfully state a claim for relief under Section 1692d(5), a plaintiff must allege facts showing that (1) "the contents of the telephone calls were harassing, abusive or misleading" and (2) that Defendant called Plaintiff with the intent to harass, annoy, or abuse him.[33] Here, Plaintiff has alleged that Defendant violated the statute "when it placed repeated harassing calls to Plaintiff's cellular telephone causing it to ring continuously."[34] According to Defendant, this allegation does nothing more than recite the elements of § 1692d(5) and fails to describe how the contents of the telephone calls were harassing, abusive or misleading. Defendant also contends that the amended complaint contains insufficient facts from which the Court could infer Defendant's intent "to annoy, abuse, or harass" Plaintiff.

Regarding a § 1692d(5) claim, "the nature of the telephone calls, including their frequency, substance, or the place to which they are made, provides grounds to infer a debt collector's intent to annoy, abuse, or harass."[35] "To determine whether Defendant['s] calls amount to harassment, annoyance, or abuse, the volume of the calls must be examined along

---

[32] *Id.*, 762 F.3d at 533.

[33] *Gnesin v. American Profit Recovery*, 2012 WL 5844686 at *3 (E.D. Mich. Nov. 19, 2012).

[34] (Amd Cmplt, ¶ 19, ECF No. 31.)

[35] *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp.2d 847, 852 (W.D. Tenn. 2010) (denying a motion to dismiss when the plaintiff alleged the collector called "seventeen times in one month").

8

with the pattern in which they were made and whether or not they were accompanied by oppressive conduct."[36] But "[t]here is no bright line rule regarding the number of calls which creates the inference of intent."[37] A "debt collector does not necessarily engage in harassment by placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages."[38] However, at this juncture, the Court finds that Plaintiff's allegations that Defendant made daily and sometimes more than daily phone calls to him in an effort to collect a debt even after being told that Plaintiff could not pay the debt is sufficient to state a claim under § 1692d(5).[39] For the same reasons, the Court finds that the allegations underlying Plaintiff's general § 1692(d) claim are sufficient to withstand a motion to dismiss.

Defendant also contends that Plaintiff's claim under § 1692d fails because it relies on the same conclusory allegations as Plaintiff's § 1692d(5) claim. According to Defendant, Plaintiff cannot maintain "duplicative" claims for violation of § 1692d based on the same underlying allegations that support his claim under § 1692d(5).

---

[36] *Pugliese v. Prof'l Recovery Serv., Inc.*, 2010 WL 2632562 at *9 (E.D. Mich. 2010).

[37] *Hicks v. America's Recovery Solutions, LLC*, 2011 WL 4540755 at *6 (N.D. Ohio 2011).

[38] *Saltzman v. I.C. Sys., Inc.*, 2009 WL 3190359 at *7 (E.D. Mich. Sept. 30, 2009) (quoting *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp.2d 492, 505 (D. Md. 2004)).

[39] *Brown*, 748 F. Supp. 2d at 853 (citing with approval *Valentine v. Brock & Scott*, PLLC, 2010 WL 1727681 at *4 (D.S.C. Apr. 26, 2010), which denied a motion to dismiss because "the court determined that plaintiff stated a plausible claim for relief under § 1692d(5) [when] she alleged that the defendant called her eleven times over a period of nineteen days, with two calls occurring on the same day. The court reasoned that the frequency of the defendant's calls showed that it was plausible that the defendant caused the plaintiff's telephone to ring or engaged her in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass.")

While Plaintiff may not be able to prevail on claims under both sections based on the same underlying facts, other Court have allowed both claims to proceed.[40] Although Defendant cites *Neu v. Genpact Servs., LLC*,[41] for the proposition that a plaintiff may not pursue claims under both § 1692d and § 1692d(5) when both claims are premised "on the same facts,"[42] the Court in *Neu* acknowledged that a "plaintiff 'may ordinarily pursue claims under both § 1692d and § 1692d (5).'"[43]

Rule 8(d)(2)-(3) of the Federal Rules of Civil Procedure permits parties to plead alternative theories, even theories that are inconsistent ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." And, "[a] party may state as many separate claims or defenses as

---

[40] *See*, *e.g.,*, *Mastalski v. Mercantile Adjustment Bureau, LLC*, 2012 WL 3683537 at *4 (N.D. Ohio Aug. 24, 2012) (denying a motion to dismiss claims brought under 15 U .S.C. §§ 1692d and 1692d(5)); *Gross v. Nationwide Credit, Inc.*, 2011 WL 379167, at *3 (S.D. Ohio Feb. 2, 2011) (denying motion to dismiss §§ 1692d and 1692d(5) claims because "determining whether the particular acts of Defendant in relation to Plaintiff constitute violations of the Act requires factual support not present-or required-at this stage in the litigation"); *c.f. Bancroft v. Afni Inc.*, 2013 WL 3791465 at *4 (N.D. Ohio July 19, 2013) (granting summary judgment on claims under §§ 1692d and 1692d(5) because "Plaintiff has failed to create a genuine issue of material fact").

[41] 2013 WL 1773822 at *3 (S.D. Cal. Apr. 25, 2013).

[42] (Def's Memo., p. 10, ECF No. 13-1.)

[43] *Neu*, 2013 WL 1773822 at *3 (quoting *Stirling v. Genpact Services, LLC*, 2012 WL 952310 at *3 (C.D. Cal. Mar. 19, 2012) and citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) ("[O]ne action can give rise to multiple violations of the Act.")).

it has, regardless of consistency.") Accordingly, a pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims.[44]

The Court finds that, at this stage of the litigation, Plaintiff's claims under both § 1692d and § 1692d(5) should be allowed to proceed.

Section 1692f Claim

Defendant's argument that Plaintiff has not stated a claim under § 1692f is meritorious.

The FDCPA does not define an "unfair or unconscionable" practice under § 1692f, but, with the caveat that it is not limiting the general application of the term, it sets forth a non-exhaustive list of conduct that rises to that level. *See also Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461–62 (6th Cir. 2013); *Limited, Inc. v. C.I.R.*, 286 F.3d 324, 332 (6th Cir. 2002) (under the rule of *noscitur a sociis*, the court should view the undefined term in light of its associates). The listed conduct includes acceptance or solicitation of a postdated check absent certain circumstances, charging any person for communications by concealing the true purpose of the communication, taking or threatening to take an action to dispossess or disable property when there is no present right in the property, communicating with a consumer about a debt via postcard, or sending mail with any symbol other than the debt collector's address and non-identifying business name. 15 U.S.C. § 1692f. The term also includes the collection of any amount not expressly authorized by the debt agreement or by law. 15 U.S.C. § 1692f(1). Other actions that courts have determined to be potentially "unfair" under § 1692f include attaching law-firm generated documents resembling credit card statements to a state collection complaint, *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 610, 614 (6th Cir. 2009), sending a collection letter that questioned the debtor's honesty and good intentions, *McMillan v. Collection Prof'l, Inc.*, 455 F.3d 754, 765 (7th Cir. 2006), filing for a writ of garnishment against a debtor who was current in payments, *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1517 (9th Cir. 1994), and collecting 33% of a debt balance as a collection fee, *Bradley v. Franklin Collection Serv.*, 739 F.3d 606, 610 (11th Cir. 2014).[45]

---

[44] *See Rowe v. Cleveland Pneumatic Co.*, 690 F.2d 88, 92 (6th Cir. 1982). *See also U.S. ex rel. Mesa Associates, Inc. v. PAS-COY, LLC,* 2013 WL 3834038, at *3 (E.D. Tenn. July 23, 2013) ("Accordingly, while plaintiff may not obtain double recovery for the same violation, and thus would likely be entitled to recover only on either the breach of contract claim or the quantum meruit theory, allowing both claims to proceed at this point adequately protects plaintiff's rights.").

[45] *Currier*, 762 F.3d at 534.

In the present case, Plaintiff has alleged that Defendant violated § 1692f "when it harassed Plaintiff with repeated harassing calls that were both subjectively harassing and demonstrated an intent to annoy; and, generally, when it used unfair and unconscionable means to collect the alleged debt."[46] "Section 1692d covers abusive and harassing conduct deemed unlawful in the collection of a debt; … Section 1692f addresses specific unfair and unconscionable means a debt collector may not employ to collect on a debt.[47] Section 1692f "has been described as a 'backdrop' in the statute, intended to cover actionable debt collection practices that may not be expressly addressed in Sections 1692d and 1692e."[48] Because Plaintiff's claim under § 1692f is based on the same harassing phone calls as those that underlie his claims under §§ 1692d and 1692d(5) and no other allegations support his § 1692f claim, the § 1692f claim must be dismissed.[49]

Summary and Conclusion

Defendant's motion to dismiss the original complaint is **DENIED** as moot. Defendant's motion to dismiss the amended complaint is **PARTIALLY GRANTED** and **PARTIALLY DENIED**. The motion is granted as to claims based on conduct occurring before March 25, 2015. The motion is also granted as to Plaintiff's claims brought pursuant to § 1692f of the

---

[46] (Amd Cmplt, ¶ 34, ECF No. 31.)

[47] *Pugliese*, 2010 WL 2632562 at *8.

[48] *Lewis*, 2015 WL 5672650 at *9 (quoting *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp.2d 1016, 1023 (S.D. Ohio 2007)).

[49] *See id.* (finding that the plaintiff's § 1692f claim should be dismissed because it was based on the same phone calls as his §§ 1692d and 1692d(5) claims); s*ee also Tarrant v. Northland Grp., Inc.*, 2012 WL 140431, at *8 (M.D. Tenn. Jan. 18, 2012) (dismissing § 1692f claim because "[w]hile Ms. Tarrant alleges that Northland violated § 1692f, she does not specify any conduct to support her § 1692f claim other than the allegedly harassing phone calls made during the debt-collection period. However, that conduct is specifically addressed under § 1692d(5) ….").

FDCPA.  The motion is denied as to Plaintiff's claims brought pursuant to § 1692d of the FDCPA, § 1692d(5) of the FDCPA, and § 227(b) of the TCPA.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE


Date:  August 3, 2016.